# ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 AUG -6 P 12: 28

CLERK _L. Jebudus_
SO. DIST. OF GA.

| | | |
|---|---|---|
| TONY JERALD THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV306-044 |
| | ) | |
| FRED BURNETTE, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff Thomas, a *pro se* litigant, commenced this civil action pursuant to 42 U.S.C. § 1983. This matter comes before the Court on cross motions for summary judgment. (Doc. nos. 24, 28). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, that Defendant's motion for summary judgment be **GRANTED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Defendant.

## I. FACTS

Plaintiff is an inmate who at the time of the events alleged in the complaint was confined at Telfair State Prison ("TSP"). On April 12, 2006, Plaintiff was on Unit B-1 on the "small yard" playing a game of basketball. (Doc. no. 24, Pl.'s Ex. B). Inmate Anderson was also participating in this basketball game. (Id.; doc. no. 27, Def.'s Facts). A "Code 1" was called on the "small yard" in Unit B-1 because the perimeter officer noticed Plaintiff and

Inmate Anderson fighting. (Doc. no. 24, Pl.'s Ex. B). The fighting stopped as soon as the correctional officers arrived, within approximately three minutes. (Id.). Both Plaintiff and Inmate Anderson were handcuffed and taken to Medical for an evaluation. (Id.). Inmate Anderson did not have any injuries. (Id.). Plaintiff had one bite mark to the top of his right ear, and three bite marks on his right upper back. (Id.).

According to Plaintiff's sworn affidavits, the door out to the "small yard" was locked; had that door not been locked, Plaintiff believes that he could have gotten away from Inmate Anderson. (Doc. no. 24, Pl.'s Ex. C; doc. no. 42, p. 2). Although Plaintiff claims in his affidavits that Inmate Anderson had a history of harming other inmates, there is no substantiated evidence in the record about Inmate Anderson's prior disciplinary record, if any, much less any substantiated evidence in the record that Inmate Anderson had any prior problems with Plaintiff. Plaintiff also avers that there was only one guard overseeing ninety prisoners, and that the "small yard" was out of the guards' view. (Doc. no. 24, Pl.'s Ex. C; doc. no. 33, p. 3).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[1] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

---

[1]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Id. at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue

of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

## III. DISCUSSION

Warden Burnette asserts in his motion for summary judgment that there are no genuine issues of material fact because Plaintiff's claim for deliberate indifference to safety fails on the merits, as Plaintiff failed to establish that Warden Burnette knew that Inmate Anderson posed a substantial risk of serious harm to Plaintiff and disregarded that risk. Further, Warden Burnette asserts that to the extent that Plaintiff has sued him in his official capacity, he is immune from Plaintiff's claim for monetary damages under the Eleventh Amendment. Plaintiff argues in his motion that he was attacked by Inmate Anderson on the "small yard" behind the prison dormitory on April 12, 2006, because Warden Burnette did not adequately staff the "small yard" with guards to prevent such behavior. Finally, it is Plaintiff's contention that this insufficient supervision amounted to reckless disregard for his safety as well as the safety of others. The Court agrees with Defendant that Plaintiff's claim fails on the merits.

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (per curiam); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam). However, "[t]his does not mean

4

that the constitutional rights of inmates are violated every time a prisoner is injured. It would

not be reasonable to impose such an absolute and clearly unworkable responsibility on prison

officials." Gullatte, 654 F.2d at 1012. There must be at least some allegation of a conscious

or callous indifference to a prisoner's rights that would raise the tort to the level of a

constitutional violation in order to state a section 1983 cause of action against prison officials

for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.

1982) (citations omitted).

Furthermore, Plaintiff's Eighth Amendment claim is judged by the deliberate

indifference standard and must meet two requirements, one objective and one subjective.

Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 303 (1991).

Plaintiff must first prove by a preponderance of the evidence that he suffered a deprivation

that is "objectively, 'sufficiently serious,'" which means that Plaintiff must show that he was

incarcerated under conditions posing a substantial risk of serious harm. Farmer, 511 U.S.

at 834.

Plaintiff must then also prove by a preponderance of the evidence that Defendant

knew of an excessive risk to his health or safety and was subjectively reckless to that risk.

Id. at 837. Plaintiff must prove that Defendant had a "sufficiently culpable state of mind."

Id. at 834. That is, mere negligent failure to protect Plaintiff from Inmate Anderson does not

justify § 1983 liability. See Brown, 894 F.2d at 1537. Stated otherwise, Eighth Amendment

liability cannot be based on simple negligence or lack of due care, but rather requires some

sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see

also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show

"more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Failure to act can constitute deliberate indifference when "the known risk of injury is 'a strong likelihood, rather than a mere possibility.'" Brown, 894 F.2d at 1537. That is, Defendant must have both been aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also have drawn the inference. See Farmer, 511 U.S. at 837. It is not sufficient to determine that Defendant should have known. In sum, Plaintiff must show that Warden Burnette "knowingly or recklessly 'disregard[ed] that risk [of serious harm] by failing to take reasonable measures to abate it' and that the defendant's acts or omissions thereby caused the constitutional deprivation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582-83 (11th Cir. 1995); see also Williams, 689 F.2d at 1381.

Here, there is no evidence that Warden Burnette had any prior knowledge of a threat or risk of harm to Plaintiff, let alone a threat from Inmate Anderson in particular. Plaintiff's conclusory affidavit about Inmate Anderson's disciplinary record, in the absence of specific supporting facts, cannot create a genuine issue of material fact which would preclude the granting of summary judgment to Defendant. See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without specific supporting facts have no probative value." Id.). While Plaintiff asserts that this was not Inmate Anderson's first assault, he does not provide any evidence to support this allegation. There is no substantiated evidence that, before Plaintiff engaged in a fight with Inmate Anderson on April 12, 2006, Warden Burnette was aware that Inmate Anderson

posed a threat to Plaintiff. Further there is no evidence in the record that before April 12, 2006, Plaintiff informed Warden Burnette that he was in danger from Inmate Anderson, nor did Plaintiff ever request protective custody from inmate Anderson. In fact, Plaintiff voluntarily played basketball with Inmate Anderson.

Plaintiff asserts that because Warden Burnette has worked at TSP for over ten (10) years, he knew Inmate Anderson had been in several fights at TSP, and therefore Warden Burnette knew Inmate Anderson was a threat not only to Plaintiff, but to others. However, no evidence supports that contention; there are only unsubstantiated allegations in Plaintiff's affidavit. The record is devoid of any evidence or record that Inmate Anderson has been involved in any other fights. Thus, Plaintiff's allegations are not sufficient to establish that Warden Burnette knew that Inmate Anderson posed a risk of serious harm. Cf. Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (per curiam) (requiring "much more than mere awareness" of an inmate's generally problematic nature to impose liability for failing to protect against attack and rejecting proposition that prison official defendant would "read imaginatively all derogatory and argumentative statements made between prisoners to determine whether substantial risk of serious harm exists"). In sum, Plaintiff has not shown that Warden Burnette knew that a substantial risk of harm existed.

To the extent that Plaintiff claims that Warden Burnette recklessly disregarded his safety by under-staffing the prison, Plaintiff's claim must also fail. Although Plaintiff alleges that but for the locked door and lack of supervision he would not have been injured, the record shows that within three minutes of the perimeter officer calling for assistance, officers

arrived and stopped the fight.[2]  Thus, even if Plaintiff had established knowledge, Warden

Burnette would still not be liable because of the reasonable response.  Farmer, 511 U.S. at

845.

Moreover, as explained above, Plaintiff has not shown that any of Warden Burnette's

actions violated Plaintiff's constitutional rights.  Plaintiff's remaining allegation concerning

an alleged violation of prison policy regarding staffing ratios does not amount to a

constitutional violation for which Plaintiff can obtain relief under § 1983, as § 1983 is not

concerned with a violation of state law/policies.  Knight v. Jacobson, 300 F.3d 1272, 1276

(11th Cir. 2002) ("While the violation of state law may (or may not) give rise to a state tort

claim, it is not enough by itself to support a claim under § 1983.").

Furthermore, the staffing ratio does not change the fact that there was no knowledge

of a serious and imminent threat to Plaintiff prior to the attack.  To infer that a prison official

has the requisite knowledge to impose liability under the Eight Amendment - in the absence

of a personalized threat - a plaintiff must present "evidence showing that a substantial risk

of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by

prison officials in the past, and the circumstances suggest that the defendant-official being

sued had been exposed to information concerning the risk and thus must have known about

it(.)" Farmer, 511 U.S. at 842.  There is nothing in the record that satisfies this standard.

---

[2]There is no evidence in the record concerning how long Plaintiff and Inmate Anderson
may have been fighting before the perimeter officer called for assistance, but Plaintiff does
not allege a lengthy delay. Rather his complaint goes to the staffing ratio, i.e., had there been
more guards on staff, a guard could have been assigned to the "small yard" and accordingly
no fight would have occurred. Thus, any slight delay that may or may not have occurred in
calling in the fight is not critical to the Court's analysis.

Finally, Plaintiff solely provides evidence about prison staffing levels for this one occasion. This isolated incident does not demonstrate evidence of a persistent or widespread policy of under-staffing the prison.

Because Plaintiff's claim fails on the merits, the Court need not address the Eleventh Amendment Immunity issue.

## IV. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, that Defendant's motion for summary judgment be **GRANTED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Defendant.

SO REPORTED and RECOMMENDED this 6th day of August, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE